IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:98-CR-005-RLJ-HBG |
| RICHARD A. WILLIAMS, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

This case is before the Court on the Government's Motion for Determination of Mental Competency [Doc. 118], filed on March 18, 2021. The parties appeared before the Court for a previously set detention hearing on March 18, 2021 to determine Defendant's release status pending his revocation hearing before District Judge Jordan on the Amended Petition for Warrant for Offender Under Supervision [Doc. 112], filed on March 15, 2021.[1] Assistant Federal Defender Jennifer Kolman appeared on behalf of the Government, while Assistant Federal Defender Benjamin Sharp appeared on behalf of Defendant, who was also present.

The Government's Motion for Determination of Defendant's Mental Competency [Doc. 118] requests that the Court order that a psychiatric or psychological evaluation be performed upon Defendant to determine his mental competency pursuant to 18 U.S.C. §§ 4241(b), and 4247(b) and

---

[1] During the hearing, Defendant waived his right to a preliminary hearing but stated that he continued to seek release. Additionally, Defendant stated that he did not wish to file a written response to the Government's motion and was willing to proceed.

(c), and that a report be filed with the Court within thirty days. The motion relates that Defendant was previously found not guilty by reason of insanity in the instant case upon which he has allegedly violated the conditions of supervision, as well as that Defendant has had at least four revocations of conditional release. Additionally, the Government notes the August 3, 2020 Petition for Warrant for Offender Under Supervision [Doc. 102] for the alleged failure to follow his treatment regime, mental care, and disappearance without notifying probation. Defendant was located in the Northern District of New York, refused to appear for an initial appearance via video, and was then ordered to be transported to this District. [Doc. 103].

After Defendant appeared before this Court on October 21, 2020 [Doc. 108], an order of release pending further proceedings [Doc. 111] was entered on October 30, 2020, releasing Defendant on the previously imposed conditions, as well as a special condition of inpatient treatment at Peninsula Hospital—with Defendant not be permitted to leave the facility until he was medically discharged and then released to reside at Flenniken Landing. Defendant's revocation hearing was reset on five occasions and is currently scheduled for April 8, 2021.

The Government's motion also notes that Defendant called an alleged victim in the early morning hours several times, leaving the victim and his wife concerned for their safety. Additionally, the Government states that prior to Defendant's initial appearance before the undersigned on March 17, 2021, Defendant was observed on the videoconference making bizarre statements to himself. [Doc. 118 at 2].

The Amended Petition [Doc. 112] claims that United States Probation Officer Nicholas Dongarra was notified on August 1, 2020 by Defendant's case manager with Helen Ross McNabb that Defendant had not been seen in person since July 29, 2020, that attempts to locate Defendant were unsuccessful, and that Defendant has been without all psychiatric and other medication since August 31, 2020. Additionally, the Amended Petition notes that Probation Officer Dongarra was

contacted by John Williams, the owner of the Boucherie Office in the area, and informed that Defendant had contacted him several times beginning at approximately 5:49 a.m. [*Id.* at 3]. The Amended Petition states that this communication also violates Special Condition #8—prohibiting Defendant from communicating with the Boucherie Company USA in any way.

During the hearing, Assistant Federal Defender Sharp stated that Defendant wished to reside at The Living Room, a voluntary program designed as an alternative to psychiatric hospitalization, operated by Helen Ross McNabb. Defendant submitted an email from Kristen York, Defendant's case manager, as Exhibit 1 to the hearing. Additionally, Defendant maintained that the Defendant's communication with Mr. Williams was an isolated incident, stated that placement at The Living Room included a longer period of stay than an average hospital inpatient program, and expressed concerns about an involuntary placement.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v. United States*, 334 F.3d 491, 494–95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). The Court must consider the matter of the Defendant's competency, upon a motion by either party, if the Court finds "reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §4241(a).

Based upon the information before the Court, including the Government's motion and the statements of counsel, the Court finds that reasonable cause exists to believe that Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against

3

him or to assist properly in his defense. The Court notes Defendant's demonstrated history of mental illness, including being found not guilty by reason of insanity in the present case, several supervised release violations, alleged failure to follow required mental health treatment and medication, and the communication with a victim in the present case. Additionally, the Court notes the undersigned's own observation of Defendant Williams in two hearings. Accordingly, the Court finds reasonable cause exists to warrant a mental examination and evaluation of Defendant under 18 U.S.C. § 4241(b). Therefore, the Government's Motion for Determination of Defendant's Mental Competency [**Doc. 118**] is **GRANTED**.

Pursuant to Title 18, Sections 4241(b) and 4247(b)-(c), of the United States Code, it is hereby **ORDERED**, as follows:

> (1) The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshals Service to such facility.
>
> (2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense,
>
> (3) Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.
>
> (4) The Defendant shall be given any necessary medications, if determined appropriate by the medical staff at the facility.
>
> (5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

(a) the Defendant's history and present symptoms;

(b) a description of the psychiatric, psychological and medical tests that were employed and their results;

(c) the examiner's findings;

(d) the examiner's opinions as to diagnosis and prognosis, and

(e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examination for a reasonable period of time not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7) The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that time period, whichever is sooner.

(8) A competency hearing and/or status conference is set for **April 29, 2021 at 1:30 p.m.** If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when the Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **April 29, 2021** competency hearing.

(10) All the time during which the Defendant is undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act.

(11) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

(12) Defense counsel is **DIRECTED** to provide copies of the Defendant's mental health records to the evaluating psychologist, once he receives them.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge