UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:98-CR-5-RLJ-HBG |
| RICHARD A. WILLIAMS, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the matter of Defendant Richard A. Williams's competency to proceed with a revocation hearing. *See* 28 U.S.C. § 636(b). The parties came before the undersigned on September 22, 2021, for a competency hearing and the continuation of a detention hearing in this case. Assistant United States Attorney Jennifer Kolman appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented Defendant Richard Williams, who remains at the Federal Medical Center at Springfield, Missouri ("FMC Springfield"), following his competency evaluation and risk assessment. Defendant Williams was excused from attending the hearing.

Pursuant to the Government's motions [Docs. 118 & 121], the Court committed the Defendant for an evaluation of his competency and a risk assessment of the danger he presents to people and property [Doc. 124].[1] The Defendant was evaluated at FMC Springfield. The Court

---

[1] The Government first requested and the Court committed [Doc. 119] Defendant Williams solely for an evaluation of his competency to proceed. For reasons unknown, Defendant was not transported for that evaluation, and Government moved for the risk assessment. On May 11, 2021, the Court entered an Amended Order of Commitment, committing Defendant Williams for a competency evaluation and risk assessment [Doc. 124]. Defendant's request to remain released on conditions pending his revocation hearing was held in abeyance during the evaluation [*see* Doc. 230].

and the parties have received the twenty-four (24)-page Forensic Psychological Report on his competency [Doc. 132, SEALED] by Forensic Psychologist Sara L. Hampton of FMC Springfield. Despite diagnosing Defendant Williams with a mental disease, Dr. Hampton opines that Defendant is competent to proceed in that he exhibits a rational and factual understanding of the allegations and proceedings against him and has the ability to assist counsel with his defense. AUSA Kolman and Mr. Sharp both stated they had no evidence to dispute the competency finding and that they accept the report.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v. United States*, 334 F.3d 491, 494-95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). Based upon Dr. Hampton's report and pursuant to 18 U.S.C. § 4241(d), the Court finds by a preponderance of the evidence that Defendant Williams can understand the nature and consequences of the charges and proceedings against him and assist properly in his defense. Accordingly, the Court finds that Defendant is **COMPETENT** to proceed to his revocation hearing, which is presently set before United States District Judge R. Leon Jordan on October 12, 2021, at 9:45 a.m. [Doc. 129].

With regard to the outstanding matter of Defendant Williams's detention or release pending his revocation hearing,[2] Mr. Sharp asked the Court to continue to hold that matter in

---

[2] Following a Petition for Warrant for Offender under Supervision [Doc. 102, SEALED] on August 3, 2020, the Court detained [Docs. 106 & 110] Defendant Williams at his initial appearance. On October 30, 2020, the parties' agreed on conditions of release [Doc. 111]. On March 15, 2021, the United States Probation Office filed an Amended Petition for Warrant for Offender under Supervision [Doc. 112, SEALED], alleging new violations of the conditions of release, including that Defendant telephoned the owner of a business, which his conditions of release prohibit him from contacting. At the March 19, 2021, detention hearing following the amended petition, the

abeyance, until he has time to talk with Defendant Williams. At a status conference on August 24, 2021, the Court held the detention issue in abeyance while awaiting the report on Defendant's risk of dangerousness to others or property. The Risk Assessment Report was issued at the same time as the Forensic Evaluation Report on competency and is filed as a collective document [Doc. 132, SEALED]. At the September 22 hearing, AUSA Kolman observed that Dr. Hampton recommends that any proceedings be scheduled by videoconference, rather than transporting Defendant from FMC Springfield. Mr. Sharp stated that Defendant's preference is to remain at FMC Springfield where he is receiving treatment. The Court will continue to hold Defendant's request for release pending his revocation hearing in abeyance, until such time that Defendant, through counsel, either contacts Chambers to schedule a hearing or withdraws the request for release.

Accordingly, the Court **ORDERS** as follows:

(1) The Court finds Defendant Richard Williams is **COMPETENT** to proceed to his revocation hearing;

(2) The matter of Defendant's detention or release pending his revocation hearing is held in abeyance to permit defense counsel to confer with Defendant;

(3) The Defendant is set for a revocation hearing before United States District Judge R. Leon Jordan on **October 12, 2021, at 9:45 a.m.**; and

(4) The undersigned **RECOMMENDS** that Defendant Williams appear at the revocation hearing by videoconference, so that he may remain at FMC Springfield, where he is receiving treatment.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge

---

Court granted the Government's motion for a competency evaluation and held the detention issue in abeyance [Doc. 120, minutes].

3

Case 3:98-cr-00005-RLJ-HBG   Document 134   Filed 09/22/21   Page 3 of 3   PageID #: 220